UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA JEAN MERCER,

     Petitioner,                            Case No. 16-cv-11331
                                              Hon. Matthew F. Leitman

v.
ANTHONY STEWART, *Warden*,

     Respondent.

_____/

## ORDER FINALIZING TERMS OF HABEAS RELIEF AND GRANTING CERTIFICATE OF APPEALABILITY WITH RESPECT TO THOSE TERMS

In 2012, a jury in the Jackson County Circuit Court for the State of Michigan convicted Petitioner Barbara Jean Mercer of, among other things, two counts of second-degree murder for the killings of Shemel Thomas (the "Thomas Conviction") and Anthony Hannah (the "Hannah Conviction"). Thomas and Hannah had been killed by Mercer's boyfriend. The jury convicted Mercer on an aiding and abetting theory. The state court then sentenced Mercer to a term of life in prison (with the possibility of parole) on both convictions.

In 2016, Mercer filed a Petition for a Writ of Habeas Corpus in this Court seeking relief from both convictions. (*See* Pet., ECF No. 1.) In 2022, the Court determined that Mercer was entitled to habeas relief on the Thomas Conviction but not the Hannah Conviction. (*See* Op. and Order, ECF No. 36.) The Court ruled that

1

the state court violated Mercer's due process right to present a defense to the charge arising out of the Thomas killing when it failed to instruct the jury that it should acquit her if it found that her boyfriend killed Thomas while he (Thomas) was attempting to sexually assault her (the "Defense of Mercer Defense"). (*See id.*) While it was clear to the Court that Mercer was entitled to habeas relief with respect to the Thomas Conviction, it was not clear to the Court whether the state court's error also entitled Mercer to relief from her sentence for the Hannah Conviction (the "Hannah Sentence") even though she was not entitled to relief from that conviction, itself.  The Court explained:

> [I]t is not yet clear to the Court what the form and scope of that relief should be.  The failure to give the Defense of Mercer Instruction entitles Mercer to relief form her second-degree murder conviction and sentence arising out of the killing of Thomas (the killing to which the Instruction would have applied).   The much harder question is whether the state trial court's error also entitles Mercer to relief from her sentence (but not her conviction) for the second-degree murder of Hannah.  There is some indication in the record that the state trial court based its sentence for that offense, at least in part, upon the fact that Mercer had been convicted of *two* murders. (8/9/2012 Tr., ECF No. 7-13, PageID.1444.)  [It] thus appears that a case could be made that Mercer's sentence for the murder of Hannah was tainted by her invalid conviction for the murder of Thomas.  And there may be a further case to be made that under these circumstances, the Court can and should grant relief from Mercer's sentence for the murder of Hannah along with the relief from the conviction and sentence for the murder of Thomas.

(*Id.*, PageID.2163-2164.)

2

The Court concluded that "the most sensible way to proceed [was] to have the parties prepare a final round of supplemental briefs that address[ed] the scope-of-remedy issue." (*Id.*, PageID.2164.)  The Court later asked the parties to include in those briefs a proposal for the form of habeas relief to be granted on the Thomas Conviction.  The parties have now filed the requested supplemental briefs.  The Court's rulings concerning the form and scope of habeas relief to be granted in this case are set forth below.

## I

The Court begins by addressing the form of the habeas relief to be granted on the Thomas Conviction.  The circumstances of this case require that that relief be phrased in a somewhat unusual manner.

A grant of habeas relief typically requires a respondent to release the petitioner from custody – either unconditionally or on the condition that the respondent do so if the State does not re-try the petitioner within a certain period of time.  But the grant of habeas relief on the Thomas Conviction in this case cannot require Respondent to release Mercer from custody.  That is because Respondent properly holds Mercer in custody on other convictions, including the Hannah Conviction. The habeas relief here must account for that circumstance.

The Court concludes that the proper form of habeas relief with respect to the Thomas Conviction is an order prohibiting Respondent from (1) holding Mercer in

3

custody pursuant to that conviction and/or (2) considering that conviction in connection with any decision related to the conditions of Mercer's custody, including but not limited to any decision related to (a) parole (and/or parole eligibility) and/or (b) Mercer's custody level and security classification within the Michigan Department of Corrections. The Court will enter an order in that form.[1]

## II

The Court now turns to the much more difficult question of whether to grant Mercer relief from the Hannah Sentence. For the reasons explained below, the Court declines to do so.

## A

Once a district court determines that a habeas petitioner is entitled to relief, the court has "broad discretion" in "fashioning a proper remedy." *D'Ambrosio v. Bagley*, 656 F.3d 379, 383 (6th Cir. 2011). This discretion emanates from a provision of the federal habeas statute, 28 U.S.C. § 2243, which directs district courts to "dispose of" habeas petitions "as law and justice require." That statute reflects the historical function of the writ as an essential check against unjust incarceration. As the Sixth Circuit recently explained, "[t]he very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that

---

[1] The Court's grant of relief on the Thomas Conviction does not preclude the State of Michigan from re-trying Mercer for the killing of Thomas.

miscarriages of justice within its reach are surfaced and corrected." *Morrell v. Wardens*, 12 F.4th 626, 631 (6th Cir. 2021).

However, any relief granted by a district court "must be tailored to cure the constitutional injury without unnecessarily infringing on competing interests of comity, federalism, and finality." *Ewing v. Horton*, 914 F.3d 1027, 1032-33 (6th Cir. 2019). Indeed, a habeas remedy should not "intrude[] on [a state's] sovereignty more severely than is necessary or appropriate." *Id.* at 1033 (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

**B**

Mercer contends that the Court should vacate the Hannah Sentence because the state trial court's error with respect to the Thomas Conviction tainted the Hannah Sentence.[2] However, as explained below, vacating the Hannah Sentence now for the reasons Mercer advances would put her in a better position than she would have been in absent the trial court's error with respect to the Thomas Conviction. The Court therefore declines to vacate the Hannah Sentence.

---

[2] Mercer's arguments in her supplemental briefs are again presented by attorneys David Koelzer and Casey Swanson of the Federal Community Defender's Office. And they have once again done truly superb work. The Court is grateful for their substantial contributions to this case and for their outstanding advocacy on behalf of Mercer. In addition, Assistant Attorney General Scott Shimkus has done exceptional work in this case on behalf of Respondent.

**1**

Mercer first argues that the Court should vacate the Hannah Sentence because the flawed Thomas Conviction increased her sentencing guidelines range on the Hannah Sentence and thereby caused her unfair prejudice.  More specifically, she says that her sentencing range for the Hannah Sentence under Michigan's sentencing guidelines "would have been lower" if the jury had accepted the Defense of Mercer Defense and acquitted her of killing Thomas. (Supp. Br., ECF No. 42, PageID.2284.)

Mercer's argument focuses on how Offense Variable 9 ("OV 9") under the Michigan guidelines would have been scored for the Hannah Sentence if she had been acquitted of killing Thomas.  Like all of Michigan's guidelines, OV 9 is a creature of statute.  The statute provides as follows:

> (1) Offense variable 9 is number of victims. Score offense variable 9 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Multiple deaths occurred… 100 points
>
> (b) There were 10 or more victims who were placed in danger of physical injury or death, or 20 or more victims who were placed in danger of property loss… 25 points
>
> (c) There were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss… 10 points

(d) There were fewer than 2 victims who were placed in danger of physical injury or death, or fewer than 4 victims who were placed in danger of property loss… 0 points

(2) All of the following apply to scoring offense variable 9:

(a) Count each person who was placed in danger of physical injury or loss of life or property as a victim.

(b) Score 100 points only in homicide cases.

Mich. Comp. Laws § 777.39.

Mercer was assessed 100 points under OV 9 on the basis that "multiple deaths occurred." Mich. Comp. Laws § 777.39(1)(a). Mercer says that "[i]f [she had been] held not responsible for the killing of Mr. Thomas" based upon the Defense of Mercer Defense, she would have been assessed zero points (rather than 100 points) for OV 9. (Supp. Br., ECF 53, PageID.2378; Supp. Br., ECF No. 48, PageID.2352-2354.) She then says that with zero points assigned for OV 9, her sentencing range for the Hannah Sentence under the guidelines would have fallen from 225-275 months (or life) to 180-300 months (or life).[3] (*See* Supp. Br., ECF No. 42, PageID.2282-84. *See also* Supp. Br., ECF No. 53, PageID.2378.) Mercer argues that the substantially lower guidelines range under these circumstances "may well have

---

[3] The relevant Michigan guidelines are somewhat unusual in that they list two alternative guidelines sentences for a single conviction: (1) a range of months and (2) a sentence of life with the possibility of parole. *See* Mich. Comp. Laws § 777.61.

encouraged the sentencing judge to impose a term of years (rather than a life) sentence" as to the Hannah Sentence. (Supp. Br., ECF No. 42, PageID.2284.)

Mercer is correct that if she had been acquitted of killing Thomas, his death could not have been scored under OV 9 (and, indeed, could not have been considered in any way) when sentencing Mercer on the Hannah Conviction. *See People v. Brown*, 984 N.W.2d 486, 493-94 (Mich. Ct. App. 2021) (holding that acquitted conduct may not be considered for any purpose for sentencing if the conduct was actually at issue before the jury at trial); *People v. Boukhtami*, __ N.W.3d __, 2024 WL 1469945, *6 (Mich. Ct. App., April 4, 2024) (holding that the trial court erred by factoring into its sentencing guidelines calculations conduct that had been put in issue at trial and for which the defendant had been acquitted).  But the problem with Mercer's argument is that she has *not* been acquitted of killing Thomas based on the Defense of Mercer Defense.  Moreover, the Court did not rule that she should have been acquitted based upon that defense.  On the contrary, the Court ruled only that she should have been permitted to present that defense to the jury.  And we do not know whether a jury would acquit Mercer of killing Thomas based upon the defense. Thus, it would be premature to conclude, as Mercer argues, that Mercer is now entitled to resentencing for the Hannah Conviction under a guidelines range that has been calculated on the premise that she has been acquitted of killing Thomas. Indeed, vacating the Hannah Sentence now on the ground that her guidelines for that

sentence should have been calculated as if she had been acquitted of killing Thomas

would place Mercer in a better position now than she would have been in absent the

state trial court's instructional error.  For that reason, vacating the Hannah Sentence

in unwarranted at this point.

**2**

Mercer next asserts that this Court should vacate the Hannah Sentence

because she would have stood before the trial court for sentencing on the Hannah

killing in a fundamentally different posture if she had been acquitted of killing

Thomas pursuant to the Defense of Mercer Defense.  In her words:

> In the instant case, Barbara Mercer is serving two life
> sentences stemming from a double homicide. One of those
> killings could have resulted in a not guilty verdict if she
> had received the jury instruction she was entitled to – a
> complete defense based on Michigan's Self Defense Act.
>
> Instead, Mercer was convicted of both murders by a jury
> that was not properly informed. She stood before her
> sentencing judge tainted by an unconstitutional murder
> conviction. The sentencing judge saw her as being
> responsible for two murders that day, neither of which was
> justified in his mind:
>
> > Ms. Mercer, even though you didn't pull the trigger
> > here your actions in this particular matter make you
> > just as guilty, if not more guilty.
> >
> > Even though you didn't pull the trigger you set
> > everything up. You're the drug addict in this matter
> > that caused all these problems. As a result of this
> > Shemel Thomas, Anthony Hannah, their families
> > will never see them again. They're always going to

> have to deal with what happened here, and the lack
> as they say so appropriately put, that they don't have
> any contact. There's no way for them to talk to them
> anymore, go see them. The impacts you had on their
> lives, your family's lives, you don't – you won't be
> able to raise your child, all over $150.00 worth of
> drugs.

> ECF No. 7-13, Sentencing Tr., PageID.1443.

> With a constitutionally instructed jury, the killing of
> Thomas could have been *legally justified*. In that case,
> Mercer would have stood before her sentencing judge as a
> potential victim of rape, whose codefendant justifiably
> killed Thomas, even if he had no valid justification for
> killing Hannah.   That is an entirely different set of
> circumstances than the sentencing judge's conclusion that
> she "set everything up." It follows that had this due
> process violation never occurred, she likely would not
> have been sentenced to life in prison.  There is only one
> valid murder conviction here (Hannah), and it appears
> inescapable that that life sentence was affected by the
> invalid murder conviction (Thomas).

(Supp. Br., ECF No. 42, PageID.2289-2290; emphasis in original.)

This argument suffers from the same problem as Mercer's first argument: it treats Mercer as if she has been acquitted of killing Thomas based upon the Defense of Mercer Defense.  Since that has not happened and might not happen, it would be premature to vacate the Hannah Sentence now based upon this line of argument.

## C

As an alternative, Mercer argues that if the Court concludes that vacating the Hannah Sentence now would be premature, then the Court may avoid any

10

prematurity problems by making relief from the Hannah Sentence "conditioned on the result of a retrial for the Thomas murder." (Supp. Br., ECF No. 53, PageID.2376.)

She describes her alternative form of proposed relief as follows:

> In the alternative, this Court could, in addition to granting a writ for a new trial as to the Thomas murder, grant a conditional writ as to the Hannah murder. Such a conditional writ would grant habeas relief conditioned on the result of a retrial for the Thomas murder. If (a) the State does not retry Petitioner within 120 days, or (b) Petitioner is acquitted of second-degree murder, then she would be entitled to habeas relief of a new sentencing on the Hannah murder. If, on the other hand, Petitioner is convicted of second-degree murder at a retrial, then arguably she would be entitled to no additional relief.

(*Id.*, PageID.2375-2376.)

The Court declines to grant this proposed conditional relief. Under settled Michigan law, Mercer would have a clear right to re-sentencing on the Hannah Conviction under Michigan law if she were to be acquitted of the Thomas killing at a re-trial.[4] This Court is confident that the state court would follow these state law rules and grant Mercer a re-sentencing on the Hannah Conviction in the event that

---

[4] She would have this right to re-sentencing because (1) as noted above, if she were to be acquitted of killing Thomas, then his death could not be considered for any purposes under the guidelines, including for the scoring of OV 9, (2) as further noted above, if his death is not scored under OV 9, Mercer's guidelines range would decrease, and (3) the Michigan Supreme Court has held that a defendant has a right to re-sentencing where she was sentenced under an erroneous guidelines range – even if her original sentence falls within the corrected range. *See People v. Jackson*, 790 N.W.2d 340, 346 (Mich. 2010).

Mercer is re-tried for the Thomas killing and is acquitted based upon the Defense of Mercer Defense (or for any other reason).[5]  The Court therefore declines to grant the conditional habeas relief on the Hannah Sentence that Mercer proposes.

### III

Finally, the Court must address one additional argument presented by Mercer. She contends that if the Court does not vacate the Hannah Sentence, then the Court's remedy will be "empty" in that it will "leave[] her to die in prison following a significant violation of her right to due process." (Supp. Br., ECF No. 48, PageID.2347.)  The Court has two primary responses to this argument.

### A

First, any remedy chosen by the Court had to be carefully tailored to remedying the constitutional injury that Mercer suffered, and the Court's remedy is so tailored.  The Court found that Mercer was harmed by the state trial court's failure to properly instruct the jury on the Defense of Mercer Defense.  That error tainted the Thomas Conviction.  And as a result, the Court has prohibited the use of the Thomas Conviction against Mercer in connection with any decisions concerning her

---

[5] To be clear, the Court does not mean to suggest that if Mercer is acquitted of killing Thomas, she would have a right to be sentenced to a term of less than life in prison for the killing of Hannah.  The Court means only to say that if Mercer is found not guilty of killing Thomas, then under state law she would have the right to a new sentencing hearing on the Hannah killing and that at that new sentencing hearing, she could seek a sentence of less than life in prison for the Hannah killing.

custody.  The Court cannot expand the scope of its remedy in order to relieve Mercer of other consequences that have not yet been shown to have been caused by the trial court's instructional error.

### B

Second, the Court's decision not to grant relief with respect to the Hannah Sentence "does not mean that all is lost" for Mercer. *Pouncy v. Palmer*, 846 F.3d 144, 163 (6th Cir. 2017).  Indeed, in evaluating an argument offered by Respondent, it occurred to the Court that Mercer may still have an opportunity to mount a potentially effective attack on the Hannah Sentence in state court.  In the argument in question, Respondent contended that Mercer could have avoided the scoring of OV 9 points for Thomas' death in connection with the Hannah Sentence under only one circumstance: if she had been acquitted of killing Thomas.  Otherwise, Respondent insisted, OV 9 points had to be assessed for Thomas' death when calculating the Hannah Sentence because the two deaths occurred as part of the "same criminal transaction." (Supp. Br., ECF No. 43, PageID.2308-2309.)  As support for that proposition, Respondent cited the Michigan Supreme Court's decision in *People v. Sargent*, 750 N.W.2d 161 (Mich. 2008). (*See id*.)

However, in the subsequent decision of *People v. McGraw*, 771 N.W.2d 655 (Mich. 2009), the Michigan Supreme Court held that for purposes of scoring OV 9, a trial court is limited to considering "conduct occurring during the sentencing

13

offense," which the court identified as the "crime for which the defendant is being sentenced." *Id.* at 656, 663-64.  The court in *McGraw* rejected the argument that a trial court may consider "the entire criminal transaction" when scoring OV 9. *Id.* at 663-64.[6]

Thus, contrary to Respondent's contention, Mercer may be able to argue that *McGraw* precluded the scoring of 100 points for OV 9 because Thomas' death did not occur during, or as a result of, the murder of Hannah.[7]  Mercer could further argue that, pursuant to *McGraw* and its progeny, Thomas' death should not have been scored under OV 9 because, given the location and circumstances of Hannah's killing, Thomas was not placed in danger of physical injury or death during that killing. *See People v Rodriguez*, 935 N.W.2d 51, 57 (Mich. Ct. App. 2019) (explaining that a "victim" under OV 9 is "one who is placed in danger of injury or death" by "the defendant's conduct during the sentencing offense."); *People v. Baskerville*, 963 N.W.2d 620, 634 (Mich. Ct. App. 2020) (reversing the scoring of points under OV 9 where purported "victim" was not in the shooter's line of fire and

---

[6] The court in *McGraw* said that in *Sargent*, it left open the question of whether points could be scored under OV 9 for conduct occurring during an entire "criminal transaction."  *McGraw*, 771 N.W.2d at 659, n. 17.  The court reached that question and answered "no" in *McGraw*.

[7] Since Mercer was acquitted of conspiring to commit the murders of Hannah and Thomas, she could argue that Thomas' death could not be scored in connection with the Hannah Sentence based on the theory that the two murders were part of a single plan that put both of them at risk of death or bodily injury.

was in different part of the house from the shooter during commission of the offense).

But how and where could Mercer raise these arguments at this late stage of the proceedings? It seems that she may be able to present them to the state trial court as claims of ineffective assistance of trial and appellate counsel – *i.e.*, as claims that her prior counsel should have raised these objections to the scoring of OV 9 – in a motion for relief from judgment under Michigan Court Rule 6.502. Such a motion would appear to be open to Mercer because (1) she has not previously filed a motion under that rule[8] and (2) the ineffectiveness of her appellate counsel, if shown, would establish cause and prejudice for the failure to raise on direct appeal both trial

---

[8] After the jury returned its verdict but before sentencing, Mercer's trial counsel filed a motion that he titled "Motion for Relief From Judgment." (*See* Mot., ECF No. 7-11.) In this motion, counsel raised a claim that the jurors had been exposed to extrinsic influences. (*See id.*) This motion was not – and indeed could not have been – a motion under Rule 6.502. That rule authorizes a defendant to move for relief from a "judgment," and a judgment in a criminal case does not issue before sentencing. Instead, a criminal judgment enters "after sentencing" and must expressly reference the terms of the sentence imposed. *See* Mich. Ct. Rule 6.427. Moreover, the Michigan Supreme Court has explained that "[t]he judgment of the trial court in a criminal case is the sentence." *Att'y Gen. ex rel. O'Hara v. Montgomery*, 267 N.W. 550, 553 (Mich. 1936). That further underscores that a motion filed *before* a defendant is sentenced – like the one filed by Mercer's trial counsel – is not a motion for relief from *judgment* and cannot have been filed under Rule 6.502. The motion by Mercer's trial counsel seems more properly to be considered a motion for new trial under Michigan Court Rule 6.431. Notably, the prosecution in Mercer's state court trial agreed that her motion was not properly considered as one under Rule 6.502 and that what Mercer was "actually seeking" was a "new trial" under a different rule. (Resp., ECF No. 7-12, PageID.1420.)

15

counsel's ineffectiveness and/or a challenge to the scoring of OV 9.  Moreover, "there is no time limit imposed on when [a] motion [under Mich. Court Rule 6.502] must be filed." *In Re Donahue*, 2019 WL 691703, *4 (Mich. Ct. App., Feb. 19, 2019).

Simply put, despite the Court's refusal to grant relief on the Hannah Sentence, it appears that Mercer may well have further meaningful opportunities to challenge the imposition of that sentence.

## IV

For all of the reasons explained above and explained in the Court's previous Opinion and Order (ECF No. 36), **IT IS HEREBY ORDERED** as follows:

1.    Mercer's Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** with respect to the Thomas Conviction (and only with respect to that conviction).  Respondent shall not (1) hold Mercer in custody pursuant to the Thomas Conviction and/or (2) consider that conviction in connection with any decision related to the conditions of Mercer's custody, including but not limited to any decision related to (a) parole (and/or parole eligibility) and/or (b) Mercer's custody level and security classification within the Michigan Department of Corrections.

2.    Mercer's Petition for a Writ of Habeas Corpus is **DENIED** in all other respects.

3.     Mercer is **GRANTED** a Certificate of Appealability to take an appeal from the Court's order denying her relief from the Hannah Sentence.  This Certificate of Appealability *is in addition to* the Limited Certificate of Appealability previously granted to Mercer. (*See* Op. and Order, ECF No. 36, PageID.2186.)

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 7, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126